The opinion of the court was delivered by
Duncan, J.
If the deed from John Shellenberger to George File, of the 7th of March, 1775, for the lands surveyed on George Shutz’s warrant on the 2d of March, 1752, accompanied with evidence of possession of the general tract, had been received as evidence of title it would have been proper testimony; but as the question, so far as the record show's us, was one of actual possession of the small piece of land, for which the ejectment was brought, and was received as evidence of occupation of the locus in quo, I am of opinion, that for that purpose it was not evidence ; the occupation for twenty-one years. It could not be proved by the proof of the boundaries. The survey showed the boundaries, and was the best evidence of its limits.
The third bill of exceptions is, in substance, the same as the first. The question attempted to be raised on the second bill of exceptions, the admission and competency of Barbara Shutz, does not appear by the record; for the exception discloses no other objection to the competency of the witness, than that her name was Barbara Shutz. It is not alleged that she was in any way connected with the title of the plaintiffs, or that if they recovered, she would be endowable. The error assigned first discloses the circumstance of her being the widow and relict of George Shutz under whom the plaintiffs claim. But the record shows no such fact; if it had, the witness could not have been received without a release.
In the rejection of the conveyance of Martin Miller, who had obtained a patent for the land under which defendant claimed, there was error. The ground of absolute rejection, the execution of the deed being acknowledged on the day of its execution, was, that it contained interlineations and erasures, which were unexplained to the court. The execution of the deed being proved, it should have gone to the jury; the explanation should have been made to them. The interlineations or erasures were a question of fact for the jury. The presumption may be in the first instance that the interlineation was after its execution, but this might be removed by very slight circumstances; and indeed where the alteration is against the interest of the grantee, it would of itself counterbalance that presumption and give rise to another and a stronger presumption, that it was done at the time of execution. Now, here. *47 the insertion of the crowded line in a different hand-writing from the body of the deed, is the erasure or alteration, which, it is alleged, should avoid the deed. The deed, as it originally stood, was a conveyance of the whole tract, but when it came to be executed, the mistake of the scrivener was discovered. The exception of six acres before sold and surveyed off to Jldam Dunn, was then introduced by the parties; and that is apparent by the intrinsic evidence, the inspection of the deed itself. The deed was left in an unfinished state in another hand, but evidently in the same hand which wrote the line, “except the six acres.” It was concluded, and the month left in blank then filled up. The important covenant of warranty, the last covenant in the conveyance, was left open for insertion when the deed was to be executed and delivered, and it was so done. This would have been sufficient to repel the presumption of subsequent alteration, which would vitiate the instrument. This, on inspection, would have explained the fact to the jury, without requiring any extrinsic evidence, for the instrument itself contained the evidence, viz. the ocular demonstration. The case of Prevost, indorsee of Croghan, v. Gratz, 4 Wheat. 503, shows that the presumption of interlineation being subsequently made, is not a strong one. There the account of sales of Croghan's lands was of a sale made to one Howard, in 1775. The word Howard was crossed out with a pen, but so that it was perfectly legible; and the name of Michael Gratz, in his own handwriting, written upon it. Yet the court presumed that the alteration was made with the consent of Croghan; .that the sale to Hoioard was abandoned, and Gratz’s name inserted with consent; presumption made in favour of innocence, even where the alteration was in favour of the person in whose handwriting it was. But, here, the alteration is not in favour of the party, but of the person who filled up and finished the deed; and, instead of increasing, it diminished his interest. The conclusion is inevitable, that it was before execution, because there could be no motive which could influence the grantee to make it subsequently. In this likewise there was error.
All the other exceptions are frivolous, but the plaintiff in error has sustained his exceptions in the second and fourth bills of exceptions; viz. the admission of the deed from John Shellenberger to George File as evidence, not of title, for that it was good evidence accompanied with the long possession of the general tract, but it was not evidence to prove the extent of his actual occupation, and the rejection of the deed from Martin Miller to Jacob Shutz.
Judgment reversed, and a venire facias de novo awarded.