NEW-YORK,
May, 1829.

Jackson
v.
Osborn.

</div>

---

## JACKSON, ex dem. GIBBS and RICH, vs. OSBORN.

THIS was an action of ejectment, tried at the Monroe circuit, in March, 1826, before the Hon. JOHN BIRDSALL, one of the circuit judges.

On the part of the plaintiff was produced a deed for the premises in question, bearing date the 10th August, 1791, purporting to be executed by Nathan Wood and Betty Wood to *Israel Gibbs, junior,* and to which appeared the names of Caleb Rogers and Joel Wood, as subscribing witnesses. On the deed was a certificate of proof in these words : " On this 8th September, 1826, personally appeared before me, Joshua Fairbanks, a commissioner to take acknowledgment of deeds, &c. Joel Wood, to me known, a witness to the within deed, who, being duly sworn according to law, testified that he saw the within grantors sign the same, for the purposes therein expressed, (signed,) Joshua Fairbanks ;" and to which was annexed a certificate of the clerk of Niagara county,- that Fairbanks was a commissioner of the coun-

*A certificate of the proof of a deed that the witness " testified that he saw the within grantor sign the same," without adding that the witness stated that he knew the person who executed the deed, is not sufficient to entitle the deed to be read in evidence.*

*Evidence that a witness has been indicted for perjury and for forgery, he not having been tried and convicted, is inadmissible to impeach his credibility.*

Where an erasure or interlineation appears in a material part of a deed, of which no notice is taken at the time of the execution, it is a suspicious circumstance which requires some explanation on the part of the party producing it, and it is the province of the jury to determine whether or not the explanation given is satisfactory.

NEW-YORK,
May, 1829.

Jackson
v.
Osborn.

ty.   The counsel for the defendant objected to the sufficiency of the proof of the execution of the deed, but the objection was overruled.   A regular title was then deduced to Rich, the other lessor of the plaintiff, the deed to him bearing date in 1815.

The defendant, for the purpose of impeaching the testimony of *Joel Wood*, upon whose oath the deed to Gibbs had been proved before the commissioner, offered to prove that on the complaint and by the procurement of Gibbs, two bills of indictment were found by a grand jury in Monroe, in 1824, against Wood, one charging him with perjury, and the other with forgery committed by him in relation to the premises in question; that Wood had absconded, and had ever since remained out of the territory of the United States, for which reason he had not been tried; that subsequent to the indictments, and before the commencement of this suit, Gibbs did in person procure Wood to make the proof before the commissioner certified on the deed first above mentioned.   This testimony was objected to by the plaintiff's counsel, and rejected by the judge.

The plaintiff then offered to read the deed in evidence to the jury.   It appeared that the name of the *grantee* was written on an erasure, in a hand writing different from, and to appearance written some considerable time after the residue of the written part of the deed, but (as the greater part of the witnesses thought) not after the signatures of the grantors to the deed.   The counsel for the defendant objected to the deed being read, insisting that it was incumbent on a party producing an old deed on which there was an erasure, to account for, and by proof explain such erasure; but the objection was overruled, and the judge charged the jury that a party seeking to invalidate a deed for an erasure appearing thereon, must shew affirmatively that such erasure was improperly made; to which charge the defendant excepted. The jury found for the plaintiff.

*J. A. Spencer*, for defendant.   The proof of the deed before the commissioner is defective in not setting forth expressly or by inference that the witness *knew* the grantor to

be the persons described in, and who executed the same. (1 *R. L.* 369. 2 *Cowen,* 552. 1 *Hopkins' R.* 239. 2 *Johns. R.* 77.)

The character of the witness having been declared infamous by the party using his testimony, the evidence offered ought to have been received.

The judge erred in his direction to the jury in relation to the erasure. The paper being in the possession of the party producing it, it is much more reasonable that he should explain the circumstance, than that the opposite party should be required to shew that the erasure was improperly made. The presumption of law in such cases is, that the erasure was made after the execution of the instrument. (1 *Phil. Ev.* 405, *n. b.*)

*J. A. Collier,* for plaintiff. The same strictness is not required in the *proof* as in the *acknowledgment* of a deed. (1 *Hopkins,* 247, 8. 2 *Cowen,* 567.)

The testimony as to the character of the witness was correctly rejected. It was evidence of particular facts, not of the general character of the witness. The witness himself was entitled to protection. The admission of the bad character of the witness was by a nominal party, who had no interest in the subject matter at the time he procured the witness to be indicted.

The charge of the judge was correct. The presumption of law is, that an erasure appearing on the face of an instrument, was made before its execution. (12 *Viner's Abr. pl.* 57. 2 *Starkie,* 476. 1 *Phil. Ev.* 405, *n. b. Bull. N. P.* 255. 1 *Rob.* 121. 1 *Peters,* 364. 2 *Munf.* 129.)

*By the Court,* SUTHERLAND, J. The act concerning deeds, (1 *R. L.* 369,) directs, that where a deed is offered to be proved by the subscribing witness, "such proof shall not be taken unless the officer shall know the person making such proof, or have satisfactory evidence that he is a subscribing witness to such deed, &c. and that *such witness know the person who executed the same;* all of which shall be inserted in the certificate of acknowledgment or proof : and in case of

NEW-YORK,
May, 1829.

Jackson
v.
Osborn.

the examination of witnesses, it shall be the duty of such offi-
cer to set forth in such certificate what witnesses were exam-
ined before him, *and the substance of the evidence by them giv-
en.*" The witness in this case does not state that *he knew
the persons who executed the deed ;* he merely says *that he saw
the grantors sign the same,* that is, they represented them-
selves to be the grantors ; but whether the names signed by
them were their true names does not appear, for the witness
does not say that he knew them. In *Jackson* v. *Gumaer,* (2
*Cowen,* 552,) the officer certified that the grantor (who ac-
knowledged the deed) *was known to him,* but did not add, *that
he knew him to be the person described in, and who executed the
deed.* The certificate was held sufficient in that case, prin-
cipally on the ground that it had been sanctioned by general
use, which amounted to a practical construction of the act.
The same point also arose and was decided in *Troup* v.
*Haight,* (1 *Hopk. Ch. R.* 267.) The argument of the attor-
ney general in the last mentioned case, (pages 246, 7, 8,)
seems to concede that the certificate could not have been
sustained if the officer had omitted to state that *the grantor
was known to him* ; that the fact of such knowledge could not
be inferred from the statement *that the grantor appeared
and acknowledged the deed.* It is evident that such omission
would have been held fatal in that case, and it appears to me
to be equally so in this. (6 *Johns. R.* 149. 2 *id.* 77.) The
deed, therefore, ought not to have been admitted in evidence.

The evidence offered to impeach the witness to the deed
was properly rejected. That he had *been indicted for perju-
ry and forgery* did not affect his *competency,* not having been
tried and convicted. The credibility of a witness is not to be
impeached by proof of a particular offence, but by evidence
of general bad character. If it was not competent to prove
that the witness had perpetrated the offences for which he
had been indicted, (of which there could be no question,) it
follows, of necessity, that the fact of his having been indict-
ed was inadmissible evidence. (1 *Phil. Ev.* 229, 30.) That
the indictment had been procured by one of the lessors of the
plaintiff did not vary the case.

The judge decided substantially, that where there was an erasure or interlineation in a deed, the presumption of law was, that it was made before the execution of the deed, and that it was incumbent on the party seeking to invalidate the deed to show that the alteration had been improperly made. In this opinion, I think, he erred. Mr. Phillips, in his Treatise on Evidence, (1 vol. 405,) says : If there is any blemish in the deed, by rasure or interlineation, the deed ought to be proved, though above thirty years old, and the blemish satisfactorily explained. In such a case, the jury would have to try whether the rasure or interlineation was before or after the delivery of the deed ; for, if the rasure was before that time, the deed is still valid. It is only after the delivery that a rasure or interlineation can affect a deed, and even then they are in some cases immaterial. Mr. Justice Buller, in his Treatise, (page 255,) also says, that a rasure or interlineation in a deed is a suspicious circumstance, which will make it necessary, even in the case of a deed of thirty years standing, for the party to prove the deed by the witnesses, if living, or if dead, by proving their hand writing and the hand writing of the party, in order to encounter the presumption arising from the blemishes in the deed. When nothing appears but the fact of an erasure or interlineation in a material part of the deed, of which no notice is taken at the time of the execution, it is a suspicious circumstance, which requires some explanation on the part of the plaintiff, but whether the explanation given is satisfactory or not is for the jury to determine.

<div style="text-align: right">New trial granted.</div>