Parker C. J.
delivered the opinion of the Court. The instrument produced by the plaintiff, to prove the issue on the plea of non est factum, purports to be a joint and several obli *334 gation of the defendant and two others, with a seal affixed to the name of each ; but the words “jointly and severally ” are not in the body of the deed, except by interlineation ; and the subscribing witness testifies, that at the time of his subscription, these words were not contained in the instrument; nor were there any seals attached to it. The same witness and another testify, that at the time when the instrument was signed by the defendant, it was without seals and without interlineation. The burden of proof was then upon the plaintiff to show, that, before delivery to the plaintiff, the seals were affixed and the interlineations made;[1] 2 otherwise the presumption would be, that the alteration was made by the plaintiff, and being material, the instrument would be void.
There were many circumstances relied upon by the plaintiff to satisfy the jury, that the instrument in its present form was delivered to him as the deed of the defendant and the other obligors. The witnesses who speak of the interlineation and the absence of seals were not present at the delivery. There was' conversation about the necessity of making it a joint and several instrument; and the paper itself would justify the opinion, that seals were placed upon it after the signature and before the delivery. The evidence was sufficient to prove the fact, if the jury had a legal right to draw the inference. The instruction to them was, that if before the delivery, the words “ jointly and severally ” were inserted, and the seals affixed by either of the parties, or by their direction and consent, the party so consenting would be bound, and the instrument would be valid as his deed. The authorities cited in the argument *335 fully bear out this position', and we are satisfied that the instruction was right, and that the issue was rightfully found for the plaintiff.
In regard to the other issue, the ground taken by the defendant cannot be maintained, to wit, that as Seelye was answerable, on his note to Foot, for the debt which is the foundation of the plaintiff’s claim to recover an indemnity, it was a payment by Seelye and not by the plaintiff. Prima facie it would lie ; but it was competent for the plaintiff to show, that the debt was his own, and that Seelye was in truth only his surety; in which case, though Seelye advanced the money to him to pay Foot, the plaintiff was paying his own debt, and was accountable to Seelye for the money. There was evidence to support this position, and it was for the jury to judge upon it. It is not contended that their verdict is against evidence, and the principle upon which it is founded is correct. The judgment must be according to the verdict.

 See Prevost v. Gratz, Peters’s Gire. C. R. 369; Morris v. Vanderen, 1 Dallas, 67; Barrington v. Bank of Washington, 14 Serg. & Rawle, 405 ; Chesley v. Frost, 1 N. Hamp. R. 145; Jackson v. Jacoby, 9 Cowen, 125; Henman v. Dickinson, 5 Bingh. 183; Bayley on Bills (Phil. & Sewall’s 2d edit) 90, 92; Foible v. Smith, in Essex, 1836. Whether the alteration was made before or after the execution of an instrument, and whether made with or without the assent of the adverse party, seem to be questions for the jury. Cumberland Bank. v. Hall, 1 Halsted, 215; Bailey v. Taylor, 11 Connect. R. 531; Heffelfinger v. Shute, 16 Serg. & Rawle, 44; Commissioners v. Hannion, 1 Nott & M‘Cord, 554. See Jackson v. Osborn, 2 Wendell, 555; Emerson v. Murray, 4 N. Hamp. R. 171; Trowrii v. Castle, 1 Keb. 22.