---
Greaton v. Smith.
---

JOHN W. GREATON *v.* GEORGE D. SMITH *and* JOHN B. McPHERSON.

Where a tenant remains in possession after the expiration of his term, upon the assurance of the landlord that he will give him a lease for ten years at a stipulated rent, and quits the premises upon the landlord refusing to do so, there is no implied agreement for the payment of rent during the period of occupation.

There must be some act of the parties from which the law implies an agreement to occupy for a year, to create a yearly tenancy, and unless such acts can be shown, the law will not make a contract for them.

The occupant paid rent for the first quarter at the rate to be fixed by the promised lease, and left before the expiration of next quarter upon the landlord putting up a bill announcing that the premises were to let, and on his refusing to execute and deliver the lease ;—*Held*, the occupant was not bound to pay rent for the portion of the quarter which he had occupied. There was not, in such a case, that holding over which will create a tenancy from year to year, or that agreement for occupation which would be valid by statute until the 1st of May following, or which would entitle the landlord under the statute, to a reasonable satisfaction for use and occupation.

Although such parol agreement was void by the statute of frauds, the plaintiff is not entitled thereby to any advantage. The law will leave him to the consequences of an act, which, if injurious, he might have avoided.

The question to a witness, for the purpose of impeaching his credibility, whether he had not been expelled from an Odd Fellows' lodge ;—*Held*, properly excluded, as an affirmative answer would not affect the credibility of the witness.

An offer to show that the witness had been convicted and imprisoned for gross intoxication on a certain day,—*Held*, properly excluded, as it was an effort to impeach a witness by proof of a particular offence.

The cross-examination of a witness, as to a conversation had by him, must be limited to that particular subject of the conversation which was brought out on the direct examination. The whole conversation cannot be given on the cross-examination.

This action was tried before·DALY, F. J., and a jury.

The action was to recover rent from August 1, 1854, to May 1, 1855, of premises No. 23 Maiden Lane. The defendants set up an eviction.

It appeared in evidence on the trial, that the defendants had been joint tenants of the plaintiff prior to May 1, 1854.

Greaton v. Smith.

Shortly before that day, they made a parol agreement with the plaintiff by which it was agreed that defendants should continue in possession of the premises under a lease for ten years, which the plaintiff agreed to have prepared. The defendants, under such agreement, continued in possession after May 1, 1854, and paid rent for the quarter ending August 1, 1854. The plaintiff delayed giving a lease until before the 1st of November ; he refused to give any lease, and refused to permit defendants to remain in the premises under the agreement.

Plaintiff put a bill up advertising the premises to let; and the defendants quit and surrendered the premises on the last of October.

The various exceptions taken at the trial are fully stated in the opinion of the Court. The presiding Judge charged the jury, among other things :

" That if the plaintiff suffered the defendants to go into possession of the premises under a verbal agreement that they should have a lease for ten years, and then refused to give them such a lease as he had agreed to give, they were justified in abandoning them at the time they did, and are not liable for any rent for the period during which they actually occupied the premises.

" That if the plaintiff delayed offering the lease until just before the defendants left the premises, and they refused, and the delay was occasioned by his own act, then the defendants were entitled to abandon the premises, and are not liable for any rent from the time they occupied."

The jury returned a verdict in favor of the defendants ; whereupon the judge, under the provisions of § 265 of the Code, directed the exceptions taken to be heard in the first instance at a General Term, and the entry of judgment to be in the mean time suspended.

The plaintiff appealed to the General Term.

*Albert Mathews*, for appellants.

I. The pleadings admit, and the evidence establishes, that the defendants held over by permission of the landlord, and paid rent for the first quarter, and agreed to pay for the remaining three quarters at the rate of four hundred dollars per annum.

Greaton v. Smith.

(1.) The pleadings could not be contradicted. (*Wood* v. *Whiting*, 21 Barb., 190; *Miller* v. *Moore*, 1 E. D. Smith, 739. (2.) By statute there was a lease till May 1st, 1855. (1 Rev. Stat., 744, § 1.) (3.) By common law there was a lease from year to year; *i. e.*, May, 1854, to May, 1855. (*Right* v. *Darby*, 1 Term R., 862; *Jackson* v. *Salmon*, 4 Wend., 327; *Webber* v. *Sherman*, 3 Hill, 547; *Conway* v. *Starkwether*, 1 Denio R., 113; *Wiggin* v. *Woodruff*, 11 Leg. Obs., 89; *Holsman* v. *Abrams*, 2 Duer's Rep., 446; *McDowall* v. *Simpson*, 3 Watts, 135.) (4.) By statute the plaintiff may recover reasonable satisfaction for the year. (1 Rev. Stat., 748, § 26; *Peckham* v. *Leary*, 6 Duer, 492.) (5.) By common law likewise. (*Eppes Exrs.* v. *Cole*, 4 Henn. & Mumf., 161.) (6.) The landlord alone had an option to terminate the tenancy after the new year began, and the tenants remained in possession. (*Abeel* v. *Radcliff*, 15 Johns., 505; *Anderson* v. *Prindle*, 23 Wend., 618; *Sherwood* v. *Phillips*, 13 Wend., 479; *Jackson* v. *Salmon*, 4 Wend., 327; *Rowan* v. *Lyttle*, 11 Wend., 620; *Webber* v. *Sherman*, 3 Hill, 547; *Conway* v. *Starkwether*, 1 Denio, 113.)

II. The evidence, construed most adversely to the plaintiff, proved the defendants to be tenants holding over after the expiration of their term, under a parol agreement for a lease for ten years, which was void, and about the terms of which the parties could not agree. Under this state of facts, they used and occupied the premises six months, and paid one quarter's rent. They also agreed to pay the remainder of the annual rent, and acquiesced in being treated as tenants for the year. The plaintiffs were, therefore, entitled to recover. (1.) If the agreement had been valid, and the parties never performed it, still the defendants would have been liable as tenants for a year. (*Doe* v. *Bell*, 5 Term Rep., 471; *Clayton* v. *Blakely*, 8 Term R., 3; *Schuyler* v. *Leggett*, 2 Cowen R., 660; *People* v. *Rickart*, 8 Cowen, 226; *Little* v. *Martin*, 3 Wend., 219; *Holsman* v. *Abrams*, 2 Duer R., 435; *Braythwaite* v. *Hitchcock*, 10 Mees & Wels., 494; *Cox* v. *Bent*, 5 Bing., 185; *Thompson* v. *Amey*, 12 Adol. & Ell., 476; *Mann* v. *Lovejoy*, 1 Ryan & Moody, 355; *Westmorland* v. *Smith*, 1 Mann. & Ryl., 137). (2.) The agreement to lease for ten years being void, the defendants were liable in like manner. (*Doe* v. *Bell*, 5 Term R., 471;

Greaton v. Smith.

*Clayton* v. *Blakely*, 8 Term R., 3; *Abeel* v. *Radcliff*, 13 Johns., 297; *Taggard* v. *Roosevelt*, 2 E. D. Smith's R., 100; *Elliot* v. *Rogers*, 4 Esp. R., 59; *Vanderbilt* v. *Persse*, 3 E. D. Smith, 428.) (3.) The tenant is none the less liable, although he abandons possession. (*Westlake* v. *Degraw*, 25 Wend., 669; *Little* v. *Martin*, 3 Wend., 219.)

*Beebe, Dean & Donohue*, for respondents.

I. The only point in the case is distinctly stated by the presiding judge in his charge, and we submit that his construction is the only one that can be put on the statute. (1 Rev. Stat., 744.) (1.) "Agreements, &c., which shall not particularly specify the duration of such occupation, shall be deemed valid until the 1st of May next, after possession under such agreement shall commence." (2.) As the agreement under which the defendants occupied these premises did "particularly specify the duration," &c., this statute does not aid the plaintiff. (3.) The parties having made an express agreement, the law will not imply a different one. (*Whiting* v. *Sutherland*, 7 Mass., 107.) (4.) The plaintiff having availed himself of the defect in the agreement, viz., that it was by parol, no action can be sustained on it, or for its breach. (5.) To permit the plaintiff to compel defendants to pay rent for one year, would be to allow him to take advantage of his own wrong. (6.) This is entirely distinguishable from the cases where a party goes in possession under a void lease, because we here continued in possession under an agreement for a valid lease in writing.

By the Court.—Brady, J.—The defendants were in possession of the premises mentioned in the complaint as the tenants of the plaintiff, down to the 1st of May, 1854. Prior to that day the plaintiff agreed by parol to give the defendants a lease for ten years from the 1st of May, 1854, for the same premises at the rental of $275 per annum, payable quarterly, on the usual quarter days. The defendants continued in possession of the premises after the 1st of May, 1854, and until the 31st of October following, when they quit them. They paid the quarter's rent due on the 1st of August, 1854, at the rate of $275 per annum. The plaintiff refused to give the defendants the lease

promised by him, and put a bill on the house, in October 1854, containing a notice that the premises were to let, or that some premises were to let, and, on application to him, he stated that the defendants' apartments were to let, and that he would give possession of them on the 1st of November, 1854. As to the fact of the attempted letting, the evidence was conflicting, but the jury having found for the defendants, we must intend that that issue was found by them in the defendants' favor. The presiding Judge charged the jury that, if the plaintiff suffered the defendants to go into possession of the premises under a verbal agreement that they should have a lease for ten years, and then refused to give such a lease as he had agreed to give, the defendants were justified in abandoning them at the time they did, and were not liable for the period during which they occupied. To this the plaintiff excepted, but if the rule thus stated was correct, then the application for a new trial must be denied. It must be borne in mind that this was not a holding over after the expiration of the defendants' term merely, and without any new agreement, and that the closing or final event in reference to the lease promised, occurred in October, 1854, on the last day of which month the defendants left the premises. The continuance of the defendants in possession being under an agreement for a lease, there was no holding over within the meaning of the common law or of our statute upon that subject. (1 Rev. Stat., 744, § 1; *Conway* v. *Starkweather*, 1 Denio, 113; *Smith* v. *Stewart*, 6 John., 46; *Bancroft* v. *Wardwell*, 13 Id., 489; *Jennings* v. *Alexander*, 1 Hilt., 154; *Jackson* v. *Salmon*, 4 Wend., 327). The agreement for the lease being void by the statute of frauds, it would, under some circumstances, operate or enure as an agreement or tenancy from year to year. The language of the cases is, that it creates a tenancy from year to year, but an examination of them will show that the doctrine is by no means unqualified. (*Schuyler* v. *Leggett*, 2 Cowen, 660; *The People* v. *Rickert*, 8 Cowen, 226; *Edwards* v. *Clemons*, 24 Wend., 480; *Hegan* v. *Johnson*, 2 Taunton, 148; *Clayton* v. *Blakely*, 8 Term R., 3; *Knight* v. *Benett*, 3 Bing., 361; *Cox* v. *Bent*, 5 Bing., 185; *Braythwayte* v. *Hitchcock*, 10 Meeson & Wellsby, 494).

In all these cases, however, the defendant occupied for a year, or admitted that he was to account to the plaintiff as his

landlord. In *Hegan* v. *Johnson*, (*supra*), the defendant entered under an agreement from the landlord to give him a lease for fourteen years and occupied for three quarters of a year, and it was held that under such an agreement the landlord could not distrain. The Court said " that the defendant certainly did not become tenant from year to year at the beginning of the first month or first three months, for clearly at any time before the end of the first year, if a lease had been tendered to him and he had refused to execute it, the leasor might have ejected him without notice to quit, and if he had executed it, he would henceforth have held, not under the supposed demise, but under the lease." And in *Braithewaite* v. *Hitchcock*, (*supra*), PARKE, B. said " although the law is clearly settled that when there is an agreement for a lease and an occupation without payment of rent, the occupier is a mere tenant at will ; yet it has been held that if he subsequently pays rent under that agreement he thereby becomes a tenant from year to year." Payment of rent must be understood to mean a payment with reference to a yearly holding, for in *Richardson* v. *Landgridge*, 4 Taun. 128, a party who had paid rent under an agreement of this description, but had not paid it with reference to a year or any aliquot part of a year, was held nevertheless a tenant at will (see also *Hull* v. *Wood*, 14 M. & W., 687). And in *Edwards* v. *Clemons* (*supra*), COWEN J., said " the lease was in itself void as being a parol one for four years, but the plaintiffs actually entered and enjoyed for one year. The entry and enjoyment would alone have made them liable for use and occupation, and the parol agreement would have shown the amount to be recovered. It has also often been held that under such circumstances, the lease is in effect but for one year, or from year to year, according to the time of enjoyment." None of these features exist in this case. The defendants did not occupy the premises for a year, and did not pay any rent in reference to a yearly holding. They paid the rent which accrued on the first of August, 1854, according to the terms of the promised lease, and which might subsequently have been given, but they removed from the premises before the next quarter became due, the plaintiff and landlord having, in the meantime, refused absolutely to execute the lease agreed upon.

Greaton v. Smith.

It is deducible from the cases referred to, that there must be some act of the parties from which the law implies an agreement to occupy for the year, to create a yearly tenancy, and that unless such acts can be shown, the law will not make a contract for them. The defendants quitting the plaintiff's premises under the circumstances disclosed, proved conclusively that it was their intention either to hold as lessees or not at all, and the conduct of the plaintiff in attempting to let the premises as stated by the witness, McPherson, was inconsistent with any intention on his part to regard the occupation as a tenancy from year to year. It is true that this testimony was objected to and admitted under exception, and the plaintiff's counsel seems to have regarded it as evidence of eviction. It was important and admissible as an act of the plaintiff bearing upon the question of the plaintiff's intention not to give the lease promised, and from which it might also have been inferred that he did not intend to permit the defendants to occupy for the year upon their refusal to accept the lease submitted. It is also true that the defendants occupied the premises for nearly six months, but it was upon the promise of the plaintiff to give them a lease which he refused to carry out, and having paid one quarter's rent according to the terms of the lease contemplated, the defendants before the quarter became due, and after the plaintiff's refusal to give the lease and after he had posted the notice to let, left the premises. From such a possession, attended by such circumstances, no agreement to pay for the premises for a whole year could fairly be implied. Although the plaintiff's promise was void, he was not entitled to any particular consideration. The law will not labor to give him the advantage of his own wrong, but leave him to the consequences of an act, which, if injurious, might have been avoided. If the defendants had remained in possession of the premises for a year, then, upon the doctrine of the cases, their liability would have accrued, or if they had continued to occupy the premises after the plaintiff refused to give them the lease, they might be regarded as having assented to the payment of the rent to be reserved by the lease. From the facts of this case, however, it is my opinion that the charge of the judge, as stated, was properly made, and that the exception, also stated, is of no avail to the plaintiff. It follows from this con- .

Greaton v. Smith.

clusion that the various requests to charge made by the plaintiff's counsel were properly refused, and that the exceptions taken are unavailing.

On the cross-examination of the witness McPherson, the plaintiff's counsel asked him if he had not been expelled from an Odd Fellows Lodge. The question was objected to and overruled. The plaintiff's counsel excepted. The question was properly excluded. The answer if in the affirmative could in no way tend to prove any issue in the cause, or affect the credibility of the witness. The fact was one, too, in the nature of a conviction, being an expulsion from some organization, it must be assumed having the power to expel. It might be for non-payment of dues, but could scarcely be for any cause which by the law would establish moral turpitude; but if it would, then it was objectionable as a particular fact upon which a witness cannot be impeached. The plaintiff's counsel then offered to show that the witness had been convicted and imprisoned for gross intoxication in the City of New York on the 13th of August, 1855.

This was objected to, and properly excluded. It was an effort to impeach a witness by proof of a particular offence. 1 *Greenleaf*, § 461; *Varona* v. *Socarris*, 8 Abbott Pr. R., 302.

The plaintiff called a witness named Baptist, who stated on his cross-examination, " I went or stayed in, to hear what was said. Mr. Greaton had told me to hear everything that was said about letting the shop." On the resumption of the direct examination, the plaintiff's counsel asked the witness to " state all Mr. Greaton said to him with reference to the hiring of the premises, when he told him to be a witness of what occurred as he had stated." To this the defendants' counsel objected, and the Court decided that the answer must be limited to what the plaintiff told him about being a witness, and the whole conversation could not be given. The plaintiff excepted. The witness then stated all that Mr. Greaton had said to him about being a witness. The exception just stated was not well taken. On the cross-examination all that the witness said about the conversation was that Mr. Greaton told him to hear everything that was said about letting the shop; and it is fair to assume, that the question which extracted the answer, related to that subject only. The plaintiff was not entitled to have,

as a part of that conversation, what the plaintiff said about hiring the premises, and thus make his own declarations evidence in his favor. It was proper that he should have stated all that was said on the subject, to which the evidence of the witness related, and that was allowed. These reasons apply as well to the subsequent offer of the plaintiff's counsel, to show what the plaintiff said in reference to the term for which the premises were to be let by him. The plaintiff's counsel subsequently offered to prove by G. W. Hicks, the hostile feelings of the witness McPherson, towards the plaintiff, and asked the following question : "Is McPherson, the witness, hostile to the plaintiff?" The defendants objected, and the Court sustained the objection. The plaintiff excepted, but the exception was not well taken, the plaintiff not having laid the foundation for the proof. He had not interrogated the witness McPherson on that subject (*Van Wyck* v. *McIntosh*, 14 N. Y. Rep., 443; *Newton* v. *Harris*, 6 N. Y., 345, and cases cited).

The judgment should be affirmed.