HANNAH *vs.* McKELLIP.

A judge, at the trial, may permit counsel to ask a·party examined as a witness, on his cross-examination, if he has not sworn falsely in a particular suit, or on some specified occasion; for that would be an act of himself which, if he admitted, he might possibly explain. But a judge has not the discretion to permit the other party to affect the credit of the witness, as such, by proof by him, on his cross-examination, that third persons have accused him of swearing falsely; that being mere hearsay evidence, and not proof of acts or declarations of the witness for which he is personally responsible.

Where a witness' character for truth and veracity is attacked by asking him, on cross-examination whether third persons have not accused him of swearing falsely, evidence to show that his general character for truth and integrity is, and always has been good, is not admissible.

The fact that the witness has not sued such third persons for slander will not make the specific slanderous accusations made by them admissible to affect his credit.

ACTION on two promissory notes. Defense, payment. The action was tried at the Otsego circuit in June, 1866, when the jury rendered a verdict in favor of the plaintiff for the full amount of the notes, $346.55.

The defendant moved for a new trial on a case and exceptions.

*D. C. Bates,* for the plaintiff.

*James E. Dewey,* for the defendant.

*By the Court,* BALCOM, J. The defendant was a witness in his own behalf, and testified that the notes were paid to the plaintiff within a short time after they were given. On his cross-examination the plaintiff's counsel asked him this question: "Have you ever been charged with swearing falsely?" Which was objected to by the defendant's counsel, on the grounds that it was not a proper method of affecting a witness' credibility; that it was not calling for any act of the witness affecting his credit, or admissible to impeach his character, and was irrelevant and incompetent. The objection was overruled, and the defendant's counsel excepted. The defendant answered: "I suppose I have, by some certain individuals." The plaintiff's counsel then asked the defendant this other question: "Was you charged in relation to what you testified to where you were a party, yourself, with swearing falsely?" To which question there was the same objection, ruling and exception as there had been respecting the previous question. The defendant answered: "I suppose I have, by hearsay." He subsequently said, he might have been so charged to his face, and thought he had been so charged to his face, by some certain persons. In answer to a question put by the plaintiff's counsel, he stated that he never sued any person for accusing him of swearing falsely. The defendant offered to call witnesses to show that his general character for truth and veracity and for honesty and integrity was, and always had been, good. His counsel claimed that such evidence was admissible by reason of the questions put to him and answered by him on his cross-examination, as to his having been charged with false swearing.

The plaintiff objected to the evidence so offered, as immaterial; which objection was sustained, and the defendant's counsel excepted to the decision.

The defendant's offer to show that his general character then was, and always had been good, was properly rejected. Justice JOHNSON said, in delivering the opinion of the court in *Frost* v. *McCargar*, (29 *Barb.* 617,) "We think the settled rule in this state now is, that where the veracity of a witness is attacked, and he is sought to be impeached only by proof of contradictory statements made by him on other occasions, in respect to the same matter, or by proof of particular facts stated by such witness against himself on his examination, evidence of general good character, or of good character for truth and veracity, in support of the witness, is incompetent." And the authorities cited in that opinion fully sustain the above proposition.

The rule is now established that the judge before whom a cause is tried, in the exercise of his discretion, may admit or exclude disparaging questions, not relevant to the issue, on the cross-examination of a witness, when put for the purpose of impairing his general credit. (*See The President &c.* v. *Loomis*, 32 *N. Y. Rep.* 127.) But this rule does not authorize the judge to allow a witness to be cross-examined as to whether specific disparaging declarations have been made against him by third persons. Such declarations, though made directly to the witness, are mere hearsay evidence, and if permitted to be proved by a witness, they may affect his credit with the jury notwithstanding his assertion that they were false. When the credit of a witness is assailed by proof of this character, by other witnesses, the examination of the impeaching witnesses must be confined to his general reputation. (1 *Greenl. Ev.* § 461. *Newcomb* v. *Griswold*, 24 *N. Y. Rep.* 298.) It is not enough, that they profess merely to state what they have heard others say; for those others may be but few. They must be able to state what is generally said of him, by those among whom he

Hannah *v.* McKellip.

dwells, or with whom he is chiefly conversant; for it is this only, that constitutes his general reputation, or character. (*Id.*) The judge might have permitted the plaintiff's counsel to ask the defendant, on his cross-examination, if he had not sworn falsely in a particular suit, or on some occasion; for that would have been an act of himself which, if he had admitted, he might possibly have explained. But he had not the discretion to permit the plaintiff's counsel to affect the defendant's credit as a witness, by proof by him, on his cross-examination, that third persons had accused him of swearing falsely; for that was mere hearsay evidence, and not proof of acts or declarations of the witness for which he was personally responsible. The specific slanderous accusations of those persons were not rendered admissible to affect his credit, because he had not sued those persons for slander. His motives for not suing them were not a proper subject of inquiry, and they may have been laudable.

It is unnecessary to examine any other question presented by the exceptions in the case; for there must be a new trial granted in the action, in consequence of the erroneous ruling of the judge which allowed the plaintiff's counsel to prove on the cross-examination of the defendant that third persons had accused him of swearing falsely.

New trial granted, costs to abide the event.

[BROOME GENERAL TERM, July 9, 1867. *Mason, Balcom* and *Boardman,* Justices.]