By the Court :

Monell, J.
The evidence introduced in this case, and which the learned justice charged the jury was admissible as affecting the credibility of the witness, was of a single charge. A complaint of perjury had been made against him, and he was bound over to answer any indictment which might be found.
This evidence was not followed by any proof of a trial and conviction. But the witness was allowed to make such explanation in respect to the charge as he was able, and the jury were instructed to say whether “ under all the circumstances the charge should affect the testimony of the witness.” »
The examination of a party as a witness is subject to all the rules applicable to the examination of any other witness, and the testimony of a party can be impeached only in the several modes in which ordinary witnesses can be impeached.
It is well understood that evidence of particular facts are not admissible to affect the credibility of a witness (2 Phil. on Ev., 291), and the latitude which is allowed to the discretion of a judge upon the cross-examination of a witness does not permit of a departure from the established rules of evidence..
It is not necessary to determine whether proof of conviction for an offence would be admissible to impeach a witness. It would *587 be evidence of a particular fact, and probably therefore inadmissible. The proof in this case was of an accusation of crime, which was not only proof of a single fact, but the effect it was allowed to have with the jury was in direct hostility to the presumption of innocence which every accused person is entitled to.
A leading case in support of this position is Jackson v. Osborn (2 Wend., 555). For the purpose of impeaching a witness, it was offered to prove that he had been indicted for perjury. The evidence was excluded. "Upon exceptions it was held that the evidence was properly rejected. The court say the credibility of a witness is not to be impeached by proof of a particular offence.
In Hannah v. McKellip (49 Barb., 342) the defendant was ¿xamined as a witness on his own behalf, and on his cross-examination he was asked, “ Have you ever been charged with swearing falsely?” which was objected to on the ground that it was not admissible to impeach him. The objection was overruled. A new trial was granted for error in overruling the objection.
The principle is also sustained by the case of The People v. Gay (7 N. Y. R., 378), where it is said that the law presumes an accused person to be innocent, and the single fact that he has been complained of and held for trial for the commission of a crime does not affect his moral character.
In Lipe v. Eisenlord (32 N. Y. R., 229) a witness testified on cross-examination that he was under indictment for murder, and the judge was requested to charge the jury that such fact affected the credibility of the witness. But he declined so to charge. The court, in sustaining the refusal, said it had no power to try the issue upon the indictment, and until the witness was found guilty by the petit jury the law presumes him to have been innocent.
"While, however, it is true that proof of charges preferred against the accused are not proper for the purpose of impeaching him, yet a judge, in the exercise of his discretion, may admit disparaging qnestions, when put for the purpose of impairing his general credit. But the rule is confined to the acts or declara *588 tions of the witness, and does not extend to the acts or declarations of others. Thus it might have been within the discretion of the judge to have allowed the inquiry of the witness whether he had not sdorn falsely on some occasion, but not whether others had accused him of having sworn falsely.
It is presumed that the learned justice gave his instruction to the jury under the belief that the bond was so far the act of the witness as to commit him to its contents, and hold him responsible for its recitals. He had signed it, and it recited that he had been charged with having committed perjury, and that there was probable cause to believe him guilty.
Even if the recital could be construed into an admission by the witness that there was probable cause to believe him guilty, it would not be sufficient to rebut the presumption of innocence. It will not be contended, I think, that upon the traverse of an indictment for the offence charged, the recital would be sufficient to convict, and thus cast the burden upon the accused of proving his innocence. It would not, I apprehend, be any evidence whatever against the witness, and I am not willing to give it any consequence whatever.
I am, therefore, of the opinion that the evidence was improper • and the instruction to the jury erroneous.
The judgment should be set aside and a new trial ordered, with costs to the appellant to abide the event.