GEO. P. WEST, Respondent, *against* THERESA LYNCH, Appellant.

(Decided June 4th, 1877.)

For the purpose of discrediting a witness, it is not competent to put in evidence an indictment or sworn charges made before a magistrate against him, where he is not shown to have been convicted thereon. A record of conviction would be admissible for that purpose, but not a mere complaint or an indictment.

APPEAL by the defendant from a judgment of the general term of the Marine Court, of the city of New York, affirming a judgment of that court, entered on the verdict of a jury.

The action was brought to recover compensation for services as a broker.

The facts essential to an understanding of the decision here appear in the opinions.

*William G. Bussey*, for appellant.

*H. M. Whitehead*, for respondent.

By THE COURT.*—The defendant, Theresa Lynch, was asked upon cross-examination whether she was the person, named in an indictment, and in certain written charges which were placed in her hand. She answered that she did not know. She was asked if that was her name which appeared in the indictment and in the charges. She answered that her name was Theresa Lynch. The indictment and the charges. which had been shown the witness were then offered in evidence by the plaintiff, and notwithstanding the objections of defendant's counsel, admitted by the court. It was not contended that any conviction had been had upon these charges and the indictment.

We think the charges and the indictment ought not to have been received in evidence. Whilst there is no doubt that a record of conviction is admissible to impeach the credit of a witness (*Carpenter* v. *Nixon*, 5 Hill, 260; *Newcomb* v. *Griswold*, 24 N. Y. 300), a mere complaint or an indictment is not admissible. It does not impeach the witness (*People* v. *Gay*, 7 N. Y. 378; *Lipe* v. *Eisenlerd*, 32 N. Y. 238; *Jackson* v. *Osborn*, 2 Wend. 555). Until convicted, the law presumes the person indicted to be innocent of the charge. It is very certain that the jury were influenced to the prejudice of the defendant, by the introduction of the indictment and the charges against her. She is entitled to a trial before a jury whose minds are not affected by evidence so irrelevant, and yet so prejudicial to her cause. The fact that no ground of objection was stated on the trial when this evidence was offered and objected to, does not prevent our examination of the correctness of the ruling by which it was admitted, since no ground could be stated which would furnish the party offering the record with any information enabling him to supply any further proof calculated to make the evidence relevant, competent, or material.

---

* Present, JOSEPH F. DALY and VAN HOESEN, JJ.

Judgment reversed, new trial ordered, costs to abide event.

Subsequently a motion for a reargument was made on behalf of the plaintiff, and the following opinion was delivered June 4th, 1877.

CHARLES P. DALY, Chief Justice.—This is not, under the rule, a case in which a motion for a reargument can be made. ( *Curley* v. *Tomlinson*, 5 Daly, 283 ; *Mount* v. *Mitchell*, 32 N. Y. 702.) There is nothing to warrant the conclusion, that a question decisive of the case, and duly submitted, has been overlooked.

The point relied upon was printed in the respondent's points. It does not follow, because it is not referred to in the opinion, that it was overlooked, or if it had been, it was in no way decisive of the case. The court reversed the judgment upon the ground that the plaintiff, under the defendant's exception, was allowed to give this indictment and the proof upon which it was found in evidence. It was in the discretion of the judge to allow or exclude questions put to the witness upon collateral matters, for the purpose of impairing her credit, and his decision in either allowing or disallowing them is not subject to review, except in cases of manifest injustice. ( *Great W. T. Co.* v. *Loomis*, 32 N. Y. 127 ; *La Beau* v. *The People*, 34 id. 223.) The judge left it to her to answer or not, whether she had ever been charged with and arrested for receiving stolen goods, but said that he would not permit any contradiction of her. She elected to answer, and her answer was, that she had bought some things from a lady, recommended to her by the proprietor of the New York Hotel, which she found out belonged to a lawyer, to whom she gave them, and with whom she went to Jefferson Market Police Office. The question was asked whether she had been arrested, to which she answered, " I don't know ; " and upon her being asked further, whether she had been detained at the police office, she answered " No." Written charges were then presented to her, and she was

asked whether she had been arrested upon these charges. Her reply was, " I don't know anything about them." The indictment subsequently given in evidence was then shown to her, and she was asked whether she was the person named in it. Her answer was " I don't know, I am sure," it appearing by a further answer that she could not read very well. The court then said, " That is your name ? " she answered, " My name is Theresa Lynch."

Question by the court.—" Is that Theresa Lynch ? "

Answer.—John Lynch.

Question.—" Theresa Lynch also, is it not ? " To which the defendant's counsel answered, " Yes, there is Theresa Lynch also on it." Upon this the plaintiff's counsel offered the indictment and the written charges in evidence, to which the defendant's counsel objected. The court admitted them, and the defendant excepted.

There was nothing in the plaintiff's examination that justified giving the indictment and written charges in evidence. She had not admitted in her examination that she had either been charged with, or arrested, or indicted for receiving stolen goods, and yet the plaintiff was allowed to give in evidence the indictment of herself and her husband by the grand jury, and the affidavits upon which the indictment was founded. In no sense can the indictment, and the evidence upon which it was founded, be regarded as evidence given voluntarily by the witness. On the contrary, she, through her counsel, objected to it, and it was error to receive it under the objection and exception ; for we cannot say that it could have no effect upon the minds of the jury, especially as in one of the affidavits it is stated that the defendant's husband purchased some of the property from the woman who stole it, knowing it to be stolen property. The court put its opinion upon the ground that it was error to receive this evidence, and that the judge did not refer in his opinion to the defendant's point, that the witness voluntarily admitted the complaint, and the indictment shown to her, was, no doubt, because such was not the fact ; she neither admitted that she had been indicted, nor arrested at any time,

swearing positively that she knew nothing of the indictment, which may have been entirely true ; for all that appeared, when the papers were received, was that she had been examined at the police office, and said that she was not guilty of the charge preferred against her, and that a *nolle prosequi* had been entered with the leave of the court, and the consent of the district attorney. There is no foundation for a reargument upon the ground that the court overlooked a question submitted to it, which was decisive of the case, and the application must be denied.

ROBINSON and LARREMORE, JJ., concurred.

Motion denied.