(3 App. Div. 127.)

## LINDSLEY v. MILLER.

(Supreme Court, Appellate Division, Fourth Department.  March, 1896.)

WITNESS—CROSS-EXAMINATION TO IMPEACH.
   It is not competent, on cross-examination, to ask a witness, for the pur-
   pose of impeaching him, if he had not recently been taken out of his sulky,
   at a certain race course, for "crooked driving," as such question is in
   respect to the acts of third persons.

Appeal from circuit court, Oneida county.

Action by William B. Lindsley against Vernon Miller to recover
the purchase price of a horse sold by defendant to plaintiff, which
sale plaintiff had rescinded, on the ground that it was procured by
fraud.   From a judgment entered on a verdict in favor of plaintiff,
and from an order denying a motion for a new trial, made on the
minutes, defendant appeals.   Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD,
and GREEN, JJ.

D. F. Searle, for appellant.

D. C. Burke, for respondent.

FOLLETT, J.   This action was begun April 7, 1894, in the county
court of Oneida county, to recover the purchase price ($77.50) of a
horse sold March 16, 1894, by the defendant to the plaintiff, which
sale the plaintiff rescinded March 19, 1894, on the ground that it was
procured by fraud.   The defendant denied in his answer that he
made any fraudulent representations when the horse was sold.   The
issue thus formed presented the only question of fact involved in
the action.   The plaintiff testified that the defendant made many
representations which were false and fraudulent, upon which the
plaintiff relied when he made the purchase.   The defendant testi-
fied that he made no such representations.   The parties, by their
testimony, contradicted each other on every material question, and
each attempted to corroborate his evidence by other witnesses.   The
important question was, which should be believed?

When the defendant was under cross-examination, he testified
that he sometimes drove horses on race tracks.   In reply to a ques-
tion, he testified that he had never been charged with "crooked
driving."   He was then asked if he had recently been taken out of
his sulky at Syracuse for "crooked driving."   This question was
objected to as incompetent and improper, and as not bearing on the
question of credibility.   The objections were overruled, and an ex-
ception taken.   He answered, "I was asked to get out."   It has
been held that charging a man with "crooked practices" on a race
course is slanderous per se.   Gideon v. Dwyer, 87 Hun, 246, 33 N.
Y. Supp. 754.   The purpose of the question was to affect the defend-
ant's credibility, and the tendency of it and of the answer was to
prejudice him before the jury.   It is well settled in this state that
it is not competent to ask a witness on his cross-examination, for
the purpose of affecting his credibility, if he has been charged with
crimes or misdemeanors, or if he has been turned out of a social or-

ganization. Brown v. People, 8 Hun, 562, affirmed 72 N. Y. 571; West v. Lynch, 7 Daly, 245; Berner v. Mittnacht, 2 Sweeney, 582; Crapo v. People, 15 Hun, 269, affirmed 76 N. Y. 288; Smith v. Mulford, 42 Hun, 347; Kober v. Miller, 38 Hun, 184; Hayward v. Sayer, 45 Hun, 595; Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. 254; Barker v. Savage, 1 Sweeney, 288; Greaton v. Smith, 1 Daly, 380, affirmed, sub nom. Greton v. Smith, 33 N. Y. 245; Ryan v. People, 79 N. Y. 593. A witness may be asked, for the purpose of affecting his credibility, in respect to his own acts, but not in respect to the acts and declarations of others tending to discredit him. Without considering the other questions presented on the briefs, we think that, for this error, the judgment and order should be reversed, and a new trial granted, with costs to abide the event.

Judgment and order reversed, and a new trial ordered, with costs to abide the event. All concur.