GEORGE HALL, Respondent, v. UNITED STATES RADIATOR COMPANY, Appellant.

*Witness — how impeached — he cannot be by asking whether on the trial of another action he was impeached — when an appellate court may disregard the admission of incompetent evidence.*

The only way in which a witness may be impeached by the statements of others is by producing the discrediting witnesses in court, in order that they may be subjected to cross-examination and their testimony weighed and considered by the jury in the light of their appearance upon the witness stand.

Disparaging questions to a witness must be confined to his own conduct or declarations and not extended to the acts or declarations of others. It is, therefore, improper to ask a witness whether, when sworn as a witness in another action, he had been impeached.

The admission of incompetent evidence can only be ignored by an appellate court when it is apparent that no harm could have resulted from its reception.

APPEAL by the defendant, the United States Radiator Company, from a judgment of the County Court of Chautauqua county in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 7th day of October, 1901, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 24th day of October, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Louis L. Babcock*, for the appellant.

*Thomas H. Larkins*, for the respondent.

SPRING, J.:

The plaintiff sues to recover for personal injuries. When the case was before this court on the former appeal (52 App. Div. 90) the facts involved in it and its general features were sufficiently considered, and, except for an error in the reception of evidence, the judgment and order would be affirmed.

A man named Nowack was sworn as a witness on behalf of the defendant, and during his cross-examination he was asked by the counsel for the plaintiff, "Were you ever impeached?" This was objected to, and the objection overruled and an exception taken by the counsel for the defendant. The witness answered: "I was

impeached once and was sustained at the same time." On re-direct examination he testified in explanation of this testimony that six men from the village in which he lived, in an action pending, swore that they would not believe him under oath, and that he was sustained by six of his friends. We are satisfied that this attempt on behalf of the plaintiff to impair the credibility of the witness by the declarations of others discrediting him was improper. (*Hannah* v. *McKellip*, 49 Barb. 342; *Burvee* v. *People*, 1 T. & C. 289; *Lindsley* v. *Miller*, 3 App. Div. 127; *Elliott* v. *Boyles*, 31 Penn. St. 65.)

The only way in which a witness may be impeached by the statements of others is by producing in court the discrediting witnesses in order that they may be subjected to cross-examination and their testimony weighed and considered by the jury in the light of their appearance upon the witness stand. Disparaging questions to a witness must be confined to his own conduct or declarations, and not extended to the acts or declarations of others. (*Berner* v. *Mittnacht*, 2 Sweeny, 582.)

We cannot say that this testimony was not harmful. There was a very sharp controversy on the trial between the plaintiff and the witness Nowack and one other witness on behalf of the defendant, and if the testimony of these two witnesses of the defendant truthfully described the infliction of the injuries upon the plaintiff he cannot recover. The testimony referred to was vicious in that it probably prejudiced the jury against Nowack.

The case was very closely contested and the right of the plaintiff to recover was at least doubtful, and we may not, therefore, disregard this improper evidence. Incompetent evidence can only be ignored by an appellate court where it is apparent that no harm could have resulted from its reception. (*Foote* v. *Beecher*, 78 N. Y. 155; *Jefferson* v. *N. Y. El. R. R. Co.*, 132 id. 483.)

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

McLENNAN, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event, upon questions of law only, the facts having been examined and no error found therein.