## HALL v. UNITED STATES RADIATOR CO.

(Supreme Court, Appellate Division, Fourth Department.   November 18, 1902.)

1. WITNESSES—IMPEACHING CREDIBILITY.

It is improper, in attempting to impeach a witness, to ask him whether he has ever been impeached, but the persons by whom it is sought to discredit him must themselves be produced in court.

2. SAME—PREJUDICIAL ERROR.

Testimony by a witness for defendant, brought out on his cross-examination, to the effect that he had been impeached in a prior case, must be assumed to have prejudiced defendant.

Appeal from trial term, Chautauqua county.

Action by George Hall against the United States Radiator Company.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Louis L. Babcock, for appellant.

Thomas H. Larkins, for respondent.

SPRING, J.  The plaintiff sues to recover for personal injuries. When the case was before this court on the former appeal (52 App. Div. 90, 64 N. Y. Supp. 1002), the facts involved in it, and its general features, were sufficiently considered; and, except for an error in the reception of evidence, the judgment and order would be affirmed.

A man named Nowack was sworn as a witness on behalf of the defendant, and during his cross-examination he was asked by the counsel for the plaintiff, "Were you ever impeached?"  This was objected to, and the objection overruled, and an exception taken by the counsel for the defendant.  The witness answered, "I was impeached once, and was sustained at the same time."  On redirect examination he testified, in explanation of this testimony, that six men from the village in which he lived, in an action pending, swore that they would not believe him under oath, and that he was sustained by six of his friends.  We are satisfied that this attempt on behalf of the plaintiff to impair the credibility of the witness by the declarations of others discrediting him was improper.  Hannah v. McKellip, 49 Barb. 342; Burvee v. People, 1 Thomp. & C. 289; Lindsley v. Miller, 3 App. Div. 127, 39 N. Y. Supp. 393; Elliott v. Boyles, 31 Pa. 65.  The only way in which a witness may be impeached by the statements of others is by producing in court the discrediting witnesses, in order that they may be subjected to cross-examination, and their testimony weighed and considered by the jury in the light of their appearance upon the witness stand.  Disparaging questions to a witness must be confined to his own conduct or declarations, and not extended to the acts or declarations of others.  Benner v. Mittnacht, 2 Sweeney, 582.  We cannot say that this testimony was not harmful.  There was a very sharp controversy on the trial between the plaintiff and the witness Nowack and one other witness on behalf of the defendant, and, if the testimony of these two witnesses of the defendant truthfully described the infliction of the in-

juries upon the plaintiff, he cannot recover. The testimony referred to was vicious, in that it probably prejudiced the jury against Nowack. The case was very closely contested, and the right of the plaintiff to recover was at least doubtful; and we may not, therefore, disregard this improper evidence. Incompetent evidence can only be ignored by an appellate court where it is apparent that no harm could have resulted from its reception. Foote v. Beecher, 78 N. Y. 155; Jefferson v. Railroad Co., 132 N. Y. 483, 30 N. E. 981. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event, on questions of law only; having examined the facts, and found no error therein. All concur.