DUANE D. FOOTE, Appellant, *v.* HAMILTON BEECHER, Respondent.

In an action by a grantee of mortgaged premises to have the mortgage canceled as paid, declarations of the mortgagor while the owner and in possession, as to payments made by him on the mortgage, are not competent as evidence against plaintiff.

One, through whom the plaintiff in such action derived title, is incompetent, under the Code of Procedure (§ 399), to testify as to declarations tmade by the mortgagor, he being at the time deceased.

There is no distinction between legal and equitable actions, or between actions tried by a jury or a court, in respect to the availability of exceptions taken upon the trial upon admission of incompetent evidence ; in any case an error in receiving such evidence, if properly excepted to, can only be disregarded when it can be seen that it could do no harm.

*Foote* v. *Beecher* (12 Hun, 374), reversed.

(Submitted June 12, 1879 ; decided September 16, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant, entered upon the report of a referee. (Mem. of decision below, 12 Hun, 374.)

This action was brought to stay the foreclosure (statutory) of a certain mortgage executed by one Roberts to defendant, and to have the same satisfied and canceled of record upon the ground that the same had been paid.

Plaintiff was the owner of the equity of redemption. The question was as to a payment indorsed upon the mortgage. Defendant claimed that the mortgagor gave his note for the amount indorsed, which he did not pay. Upon the trial of the action defendant called one McDougall as a witness and was permitted to prove by him, under objections and exceptions, declarations of Roberts to the effect that he had given to the mortgagor a note of $1,000, which was indorsed upon the mortgage, but which he did not pay, and that defendant had taken it up. Roberts was, at the time of the trial, deceased. McDougall held an interest in a subsequent mortgage executed by Roberts, which was foreclosed, and plaintiff claimed title under the foreclosure sale.

*Johnson & Prescott*, for appellant. The admission of the testimony of McDougall, as to a conversation he claimed to have had with the mortgagor, who was dead at the time of the trial, was error. (*Page* v. *Cogwin*, 7 Hill, 361; *Beach* v. *Wise*, 1 id., 612; 2 Story's Eq., §§ 1225, 1228, 1232; 4 Kent's Com., 152; 15 Ves., 329; 2 Mad. Ch. Pr., 128; Dart on Ven. & Par., 118, 119; *Bayley* v. *Greenleaf*, 7 Wheat., 46; 1 Willard on Real Estate, 115; *Burlingame* v. *Robbins*, 21 Barb., 327; *Wilson* v. *Boerem*, 15 J. R., 289; *Penfield* v. *Carpenter*, 13 id., 350; *Irvine* v. *Cook*, 15 id., 239; *People* v. *Parish*, 4 Den., 153; *Jones* v. *Hulburt*, 39 Barb., 403; *Phillips* v. *Thompson*, 1 Johns. Ch., 131; *Harris* v. *Ely*, 1 Seld. Notes, 35; *Gray* v. *Goodrich*, 7 J. R., 95; *Kent* v. *Walton*, 7 Wend., 256; *Waring* v. *Worren*, 1 J. R., 340; *White* v. *Chouteau*, 10 Barb., 202; *People* v. *Blakeley*, 4 Park., 185; *Burlingame* v. *Robbins*, 21 Barb., 327; *Carter* v. *Buchanan*, 9 Ga., 539.) Improper testimony having been received bearing upon the result of the case, a new trial should be had. (*Worrell* v. *Parmalee*, 1 N. Y., 519; *Williams* v. *Fitch*, 18 id., 546; *Baird* v. *Gillett*, 47 id., 186; *People* v. *Wiley*, 3 Hill, 194, 214; *Morquard* v. *Webb*, 16 J. B., 90; *Osgood* v. *President, etc.*, 3 Cow., 612; *Hawley* v. *Hatter*, 9 Hun, 134; *Starbird* v. *Barrons*, 43 N. Y., 200; *Forrest* v. *Forest*, 25 id., 510; *Clapp* v. *Fullerton*, 34 id., 195; *Bennett* v. *Austin*, 5 Hun, 540; *Platt* v. *Platt*, 2 N. Y. Sup. Ct., 26; *Patterson* v. *Copeland*, 52 How., 461; *Church* v. *Kidd*, 10 N. Y. Sup. Ct., 254, 267.)

*Barlow & Son*, for respondent. The receipt by defendant, indorsed on the mortgage given in evidence by plaintiff, was only presumptive evidence that it was for money; it could be explained by parol. (*Howard* v. *Norton*, 65 Barb., 161; *Foster* v. *Newburg*, 58 N. Y., 481; *Darnell* v. *Morehouse*, 36 How., 511; *Wad* v. *Murray*, 13 N. Y., 167; *Hill* v. *Beebe*, 13 id., 556.) The giving of a note by a debtor to his creditor is no payment. (*Noel* v. *Murray*, 13 N. Y., 167; *Coel* v. *Sackett*, 1 Hill, 516; *Waydell* v. *Luer*, 5 id., 448; *Elwood*

v. *Diefendorf*, 5 Barb., 398; 53 id., 191; 36 How., 511; 38 N. Y., 289.) The declarations of Roberts, testified to by McDougall, were competent to show his interest in the real estate, not only against him, but against all claiming under him. (*Padgett* v. *Lawrence*, 10 Paige, 170; *Jackson* v. *Vredenburgh*, 1 J. R., 159; *Jackson* v. *Baird*, 4 id., 230; *Pitts* v. *Wilder*, 1 N. Y., 525; *Burlingame* v. *Robbins*, 21 Barb., 327; *Sheldon* v. *Van Slyke*, 16 id., 26; *Jackson* v. *Cole*, 4 Cow., 587; 36 N. Y., 478, 482.) When all the evidence in a case comes up before the court on appeal and it appears that justice has been done, the judgment will not be reversed even if evidence has been erroneously admitted, provided it would not have changed the result. (*Cary* v. *Sprague*, 12 Wend., 41; *Gardiner* v. *Titus*, 21 id., 169; *Stiles* v. *Tilford*, 10 id., 338, 340; *Suprs.* v. *Birdsell*, 4 id., 453, 458; *Burt* v. *Smith*, 5 Barb., 283; *Smith* v. *Kerr*, 1 id., 155; 56 N. Y., 664, 665; 38 id., 210.)

Church, Ch. J. We concur with the General Term that the declarations of Roberts were inadmissible, and that the referee erred in receiving the evidence of such admissions. But we are unable to concur in the affirmance of the judgment, notwithstanding such error. There is no distinction between actions of a legal and those of an equitable nature, in respect to the availability of exceptions taken upon the trial, upon the admission of incompetent evidence, and no reason is perceived for such a distinction. Improper evidence may influence a court or referee, as well as a jury. The party has a right to an adjudication upon legal evidence. In the language of Comstock, J., in *Williams* v. *Fitch* (18 N. Y., 546), "the defendant was entitled to the referee's judgment upon the testimony which was competent." I am not aware that a different rule has prevailed, or that this rule has been in any respect modified. It has been uniformly adhered to by this court, in all actions whether of a legal or equitable character. In the case of *Forrest* v. *Forrest* (25 N. Y., 501), there was a feigned issue, and the court held

that the trial was to be reviewed on the principles on which a court of equity examined the trial of a feigned issue awarded for the information of its own conscience, and not as upon a strict bill of exceptions.

*Clapp* v. *Fullerton* (34 N. Y., 190), was an appeal from a surrogate's decree upon the probate of a will. In such cases the hearing is *de novo*, in the appellate courts, and they may be determined upon the competent evidence appearing, disregarding such as is incompetent. Neither of these decisions is applicable to this case. It is impossible to say how influential the incompetent evidence was upon the mind of the referee. The question at issue was, whether a certain bond and mortgage had been paid in full, and this depended upon whether a note had been given for an indorsement of $1,000, and had not been paid. The declarations of Roberts, while owning the property, and who gave the note, were direct and forcible to the point, that such a note had been given, and if competent and detailed by a reliable witness, would be quite decisive. These declarations were mere hearsay, and were also I think incompetent under the Code, Roberts being dead. An error in receiving incompetent evidence if properly excepted to, can only be disregarded, when it can be seen that it did no harm. If the evidence is slight or irrelevant, or if without it the fact is conclusively established by other evidence, it may be disregarded because it could not have injured the other party. It is not denied that this evidence was material, and it cannot be affirmed that without it the evidence was conclusive in favor of the defendant's position. Evidence to be conclusive must be such as to be capable of but one construction, and incapable of being answered. I am inclined to concur with the General Term that without this evidence the referee would have been warranted in finding the giving of the note for the payment of $1,000, but the other evidence is not conclusive. It depends upon the credibility of witnesses and upon inferences to be drawn from the circumstances, and we cannot say that a new trial may not throw additional light upon the case.

Upon looking at all the circumstances the probability is in favor of the defendant's contention, and it may be that a new trial will produce the same result with an accumulation of costs against the appellant, but the error cannot be overlooked without establishing a mischievous precedent.

The judgment must be reversed, and a new trial granted, with costs to abide event.

All concur.

Judgment reversed.