## COPP v. HOLLINS et al.

*(Supreme Court, General Term, First Department.* May 18, 1888.)

ASSIGNMENT—ACTION BY ASSIGNEE OF ACCOUNT—EVIDENCE—LETTERS FROM ASSIGNOR TO DEBTOR.

In an action on an account by the assignee thereof, the admission in evidence of a letter from the assignor to defendant, and the reply thereto, both written after the assignment, is reversible error.

Appeal from judgment on report of referee.

Action by William A. Copp, assignee of John C. Eno, against Harry B. Hollins and other to recover a balance of account. The cause was tried by a referee. From a judgment for defendants, and an order making an additional allowance of costs, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Robert P. Harlow,* for appellant. *John R. Dos Passos,* for respondents.

DANIELS, J. The plaintiff, as the assignee of John C. Eno, brought this action to recover a balance of account, amounting to the sum of $54,906.57. The account arose out of dealings in stocks carried on by the defendants, for the assignor, as brokers. Another account was opened in his name with the defendants, as brokers, for other dealings, in which his brother Amos F. Eno was interested to the extent of one-fourth. This account resulted in a loss, amounting to the sum of $55,321.63, and after this loss was incurred, and before the assignment to the plaintiff, the defendants claimed that, by an agreement with Eno, they had transferred the credit existing in his favor to the second account; thereby paying so much of the second account as the credit was sufficient to pay, and still leaving a small balance in the defendant's favor. Evidence was given to establish this state of facts, which, notwithstanding its contradiction by the plaintiff, and by the deposition of Eno, was sufficient to sustain the referee in his conclusion that the account assigned to the plaintiff had been settled and extinguished in this manner. But, in the course of the evidence, a letter from Eno to the defendant Harry B. Hollins was allowed to be read, and also the reply to the letter from Hollins to Eno, made on the 6th of November, 1884. This was after the assignment made by Eno to the plaintiff in the action, and the letter from the defendant Harry B. Hollins to Eno was objected to by the plaintiff, on the ground that the assignment to him was made on the 3d of November, while the letter was not written until the 6th, and that it was not evidence against him in the action. The referee overruled the objection, and permitted the letter to be read, to which the plaintiff's council excepted. This letter was not otherwise important in the case than that it contained a denial of the claim, and also a statement stating to Eno that "all your accounts were closed up by your order, so Eldridge tells me, and the balance due us I wrote off to profit and loss." Eldridge was a clerk in the employment of the defendants in their business; and this statement tended to confirm the other evidence given on behalf of the defendants, that the settlement relied upon by way of defense presented the truth of the case concerning the account in controversy. It had a direct bearing upon the issue presented by the pleadings and the other evidence; and as it consisted of a statement made by one of the defendants in his own behalf to the assignor of the claim in suit, after the assignment was made, it was not admissible as evidence against the plaintiff. What this defendant may have said, or what he may have written, to Eno, after the assignment, could not, under any legal rule of evidence, be received for the purpose of affecting the plaintiff's right to maintain the action. He was entitled to have the defense proved by legal evidence, and this letter was not evidence of that description. It had a direct bearing upon the issuable point in the case, which was not so clearly made out in the defendant's favor, cer-

tainly, as to permit the conclusion to be drawn that this evidence was not injurious to the plaintiff, and did not affect the result of the action. And where erroneous evidence is received, bearing in any material degree upon the point in controversy, it will necessarily lead to the reversal of the judgment that, to any extent, may be made dependent upon such evidence. *Foote* v. *Beecher*, 78 N. Y. 155.

For the error involved in the allowance of this evidence to be given, the judgment should be reversed, and a new trial ordered, with costs to the appellant, to abide the event. By the reversal of the judgment the order making the additional allowance of costs will necessarily be vacated; and whether that is capable of being sustained or not, upon the facts disclosed upon the hearing of the motion, it is not necessary now to consider. The order, as well as the judgment, should be reversed, and the motion denied, but without costs.

VAN BRUNT, P. J., and BRADY, J., concurring.