HENRY MESSENGER, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY et al., Appellants.

An elevated railroad in a city street, erected and operated without the consent of the owners of property abutting upon the street, or without having acquired their rights therein, being illegal, such an owner is entitled to recover all damages of every kind caused to him while such road is so illegally maintained and operated.

Where, however, in an action by an abutting owner to restrain the operation of the road, the defendant is permitted to pay the damage to the fee, in estimating those damages the evidence must be confined to what the railroad company is authorized to take or interfere with, to wit, the easements of light, air and access.

In such an action plaintiff, besides giving evidence as to interference by defendant with his easements of light, air and access, gave evidence, without objection of the annoyance suffered from interference with his privacy in the occupancy of his premises, and from noise occasioned by the operation of the railroad, and also that the railroad and its structures intercepted the view of persons passing his premises on the other side of the street. The trial court was not asked to restrict the bearing of this evidence as to such annoyances and the interception of the view to the temporary or rental damage; but was requested to find that there was no easement or other interest appurtenant to plaintiff's premises entitling him to be protected against loss or privacy due to the use of the street, if such use was authorized by the municipality and the state, or which would entitle him to the use of the street for the purpose of having the exterior of his premises conspicuously visible from the other side of the street, or which would authorize him to control the amount of noise made in the street. The court refused so to find. *Held,* that the matters referred to in the request, and the evidence relative thereto, were competent and proper to be considered as bearing upon the rental value, although not competent as bearing upon the fee damages, and as it did not appear that the court took them into consideration in assessing the fee damage, the refusal was not error.

Plaintiff recovered judgment, assessing his fee damages at $2,000, staying the operation of defendant's road until that sum should be paid, and providing that if defendant removed its station, stairs and approaches, it need pay only $1,500. There was no witness who made precisely such a division of the damages. *Held,* no error; that from the estimates of the witnesses and the facts and circumstances, such an apportionment of the fee damage was justifiable.

(Argued December 7, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 13, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Blythe Rogers* for appellants. It was error to refuse to find that plaintiff had no easements of quiet, privacy or conspicuousness. (*Kane* v. *N. Y. E. R. Co.,* 125 N. Y. 164; 2 R. L. 1813, chap. 408, § 178.)

*Lewis L. Delafield* for respondent.    The exceptions taken by the defendants are not sufficiently specific to bring the questions before this court for review.    (*McGean* v. *M. R. Co.*, 117 N. Y. 219 ; *Crawford* v. *M. E. R. Co.*, 120 id. 624.)

EARL, J.    The plaintiff, an abutting owner of property on Second avenue in the city of New York, brought this action to recover a judgment against the defendants to restrain them from maintaining and operating their road in the avenue in front of his premises, and also for damages.    The action was brought to trial and the plaintiff recovered judgment assessing his fee damages at $2,000, and staying the operation of their road until that sum should be paid, providing, however, that they should pay only $1,500 if they removed their station, stairs and approaches, leaving the railway structure to stand and be operated, and also awarding the plaintiff judgment for the rental damages sustained by him to the day of the trial.

Upon the trial the plaintiff, besides evidence as to the interference by the railroad with his easements of light, air and access, gave evidence, without objection to its competency or materiality, of the annoyance which he suffered from interference with his privacy in the occupancy of his premises, and from noise occasioned by the operation of the railroad, and also showing that the railroad and the structures connected therewith intercepted the view of his premises by persons passing on the other side of the avenue.    This evidence was competent as bearing upon the rental value.    The structure being an illegal one, the plaintiff was entitled to recover for all the damages of every kind caused to him while it was illegally maintained and operated ; and such is the effect of our decisions in *Kane* v. *N. Y. Elevated Railroad Co.* (125 N. Y. 164), and *American Bank Note Co.* v. *The Same,* recently decided in this court.*

It does not appear that this evidence was received as bearing upon the fee damage, and the trial judge was not asked to

---

*Ante,* page 252.

restrict its bearing to the rental damage. It appears to have been received generally without objection. According to our decision in the case last cited, it was not competent in relation to the fee damage. In estimating that, the evidence must be confined to what the railroad company is authorized to take, or interfere with, to wit, the easements of light, air and access.

At the close of the trial the defendants' counsel asked the trial judge to find the following matters, to wit:

" There is no easement or other interest appurtenant to the plaintiff's premises entitling him to be protected against loss of privacy due to the use of the street by·passengers or other persons, if such use be authorized by the mayor, aldermen and commonalty of the city of New York, and the people of the state of New York."

" There is no easement or ·other interest in or over said Second avenue appurtenant to the premises of the plaintiff which would entitle him to the use of said Second avenue for the purpose of having the exterior of his premises conspicuously visible from the other side of the said Second avenue."

" There are no easements or other interests in or over said Second avenue appurtenant to said premises which would be impaired or infringed by the use of the elevated railway station and the approaches thereto by idlers or loafers, even though such might render the use and occupation of the said premises disagreeable, or result in money damages to the plaintiff."

" There is no easement or other interest in said street appurtenant to said premises which authorizes the owner thereof to control the amount of noise made in said street by the permission of the mayor, aldermen and commonalty of the city of New York and the people of the state of New York."

And the court refused so to find. It does not appear that the plaintiff's counsel claimed that his client owned such easements as were therein specified, nor did the trial judge find that he had such easements. The scope of them is uncertain. If it was meant by them that the judge should find that these

matters should not be considered upon the subject of the rental damage, then it would have been erroneous to find them. If he had been asked to find that these matters could not be considered upon the question of the fee damage and he had refused, he would have committed an error. As it does not appear with any certainty in the record that he took these matters into consideration in assessing the fee damage, we are unable to perceive that he committed any error in these refusals.

The counsel for the appellant makes one more point, and that is that it was error as matter of law for the court to find that the easement taken by the railway proper, as distinguished from the station and other structures, were worth $1,500. It is quite true that no witness was produced upon the trial who divided the damages precisely as the judge did, to wit, $1,500 as the fee damage on account of the main structure, and $500 on account of the station and other structures connected therewith. But the estimates of witnesses and all the facts and circumstances of the case were before the judge, and we think there was sufficient evidence to enable him to apportion the gross amount of the fee damages in the manner he did.

Our attention is called to no other alleged errors affecting the judgment, and it should, therefore, be affirmed, with costs.

All concur, GRAY, J., in result.

Judgment affirmed.