### BLUM v. MANHATTAN RY. CO. et al.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. ELEVATED RAILROADS—INJURY TO ABUTTING OWNERS—EXPERT TESTIMONY.

In a suit to enjoin the maintenance and operation of an elevated railroad in the street in front of plaintiff's property, the testimony of a real-estate expert that certain physical effects caused thereby lessen the rental value of the property is incompetent.

2. REVIEW ON APPEAL—OBJECTION IN COURT BELOW.

Any objection to testimony, made after the testimony was given by the witness without a question calling therefor, if recognized by the court as seasonably interposed, is sufficient to present the question on appeal.

3. SAME—SPECIFIC OBJECTION.

An objection that certain testimony "was not within the cognizance of the witness, as a real-estate expert," is sufficiently specific to challenge the evidence for incompetency as expert testimony.

Appeal from special term.

Action by Morris Blum against the Manhattan Railway Company and the Metropolitan Elevated Railway Company to restrain the maintenance and operation of an elevated railway in the street in front of the plaintiff's premises. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before DALY, C. J., and PRYOR and GIEGERICH, JJ.

*Davies & Rapallo, (John S. Wood* and *Julien T. Davies,* of counsel,) for appellants.  *L. C. Dessar, (Joseph B. Reilly,* of counsel,) for respondent.

PRYOR, J.  The fact of injury to plaintiff's property from defendants' railroad was, on the evidence, extremely problematical; but, although we do not feel authorized to reverse the finding of the learned trial court, still, in so close a controversy, the admission of incompetent evidence cannot be disregarded as innocuous.  After detailing the physical effects of the railroad on plaintiff's property, an expert witness added, apparently without a question calling for the testimony, that "these physical effects have an effect upon the rental value of the property."  He was then asked, "What is that effect?" and he answered, "To lessen the rental value."  Thereupon counsel for defendants objected "to that as not within the cognizance of a real-estate expert." The court replied, "I will allow it, and give you an exception;" and counsel for defendants said, "We note an exception to it."  That the evidence was incompetent is too clear for argument, (*Roberts* v. *Railroad Co.*, 128 N. Y. 471, 28 N. E. Rep. 486;) and it was incompetent because substituting the opinion of the witness for the adjudication of the court upon the very issue in litigation, and because allowing opinion upon a fact not the subject of expert testimony, (*Ferguson* v. *Hubbell*, 97 N. Y. 507.)  Whether the rental value of plaintiff's property was lessened by the railroad was the precise question for decision; and whether a specific effect upon the physical condition of property impairs its value is surely not a problem beyond the comprehension of a layman.  Indeed, that the evidence was inadmissible is not controverted by the learned counsel for respondent; but his contention is that no sufficient objection presents the error for review.  Undoubtedly, a party opposing the introduction of evidence must object before its reception; and, unless the evidence be incurably incompetent, must indicate to the court some valid ground of objection.  Here it appears that the objection came after the admission of the evidence, but the court, by ruling upon the objection and expressly allowing an exception, unequivocally recognized the objection as seasonably interposed.  But for this concession by the court we cannot say that appellants would not have made a motion to strike out the evidence, and surely default is not to be imputed to a party who relies upon an assurance of security tendered him by the court.

The question, then, is, did defendants distinguish a valid ground of objection to the evidence?  That they challenged the evidence for incompetency as expert testimony is clear from their objection that the fact deposed to "was not within the cognizance of the witness as a real-estate expert."  It is impossible to attribute another meaning to the terms of the objection.  The requirement of a specific objection to an offer of evidence is partly for the information of the adverse party in obviating, if possible, the particular ground of objection.  But when, as here, the court assumes to apprehend the point of the objection, and the evidence is in its nature illegal and its incompetency incapable of remedy, a general objection avails to raise the question of error for the appellate tribunal.  *Quinby* v. *Straus,* 90 N. Y. 664; *Tozer* v. *Railroad Co.,* 105 N. Y. 659, 11 N. E. Rep. 846.  In support of his contention that the grounds of the objection to the evidence are insufficiently stated, the learned counsel for the respondent cites to us adjudications in the court of appeals.  For answer it is enough to say that the objection apparent on the record relieves this case from the effect of those decisions. *Jefferson* v. *Railroad Co.,* 132 N. Y. 483, 487, 30 N. E. Rep. 981.  Judgment reversed, and new trial ordered; costs to abide event.  All concur.