CUNARD v. MANHATTAN RY. Co. et al.

(Common Pleas of New York City and County, General Term. November 7, 1892.)

1. REVIEW ON APPEAL—WEIGHT OF EVIDENCE—FINDINGS BY COURT.
   The findings of fact of a court of equity, unless clearly contrary to the preponderance of proof, should be affirmed on appeal.

2. EMINENT DOMAIN—ABUTTING OWNERS—EASEMENTS IMPAIRED BY ELEVATED RAILROAD IN STREET.
   The damages caused by an elevated railroad in a street to the fee of abutting property, payment of which to the owner may be adjudged as an alternative of an injunction, include not only the value of the easements taken or impaired, but also the depreciation of the remaining property caused by the use of such easements by the railroad.

3. EVIDENCE—MEMORANDUM BY WITNESS.
   Where a witness of his own spontaneous recollection gives the rentals of certain property, there being no pretense of defective memory, a memorandum of the rentals made by himself is not admissible.

4. REVIEW ON APPEAL—OBJECTION IN COURT BELOW.
   Objection to the admission of a memorandum made by a witness was not taken until the close of his examination, when the court passed upon its admissibility as an open question. Held that, as the point that the objection was too late had not been suggested, the competency of the evidence might be reviewed on appeal.

5. SAME—ERROR NOT PREJUDICIAL.
   Error in the admission of evidence, even on a trial by the court of an equitable action, may be ground of reversal, although it does not appear to have been prejudicial to appellant.

Appeal from special term.

Action by Gordon Cunard against the Manhattan Railway Company, the Metropolitan Elevated Railway Company, and the New York Elevated Railroad Company to restrain the maintenance and operation of an elevated railroad in the street in front of the plaintiff's premises. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before DALY, C. J., and PRYOR and GIEGERICH, JJ.

Davies & Rapallo, (Julien T. Davies and Brainerd Tolles, of counsel,) for appellants. John A. Weekes, for respondent.

PRYOR, J. Much evidence was adduced on both sides as to the effect of the railroad on the fee and rental value of plaintiff's property, and the ingenuity of counsel presents persuasive arguments in support of their respective contentions. Doubtless the learned trial judge accorded to that evidence and to those arguments the consideration and weight to which they were entitled; and, as his conclusion does not impress us as clearly contrary to the preponderance of proof, we have no alternative but to affirm his findings of fact. But the learned counsel for appellants impeaches the judgment for errors of law, and whether there be such errors of law as invalidates the judgment is the real question in controversy.

1. Appellants contend that the trial court included in the award of fee damages "compensation for future incidental annoyances from the structure and operation of trains, not involving the violation of any easement." But it is not apparent in the record that the amount adjudged as an alternative of the injunction was affected by any such element of injury. True, the learned trial judge declined to rule that "the sum fixed, which defendants may pay to obviate the injunction, should not be greater than the value of so much of the easements of light, air, and access appurtenant to plaintiff's premises as are impaired by defendants' railroad, exclusive of all other incidental injuries to the fee value of said premises." But in Bohm v. Railroad Co., 129 N. Y. 576, 585, 29 N. E. Rep. 802, the court of appeals distinctly declares that the depreciation of the remaining property, caused by the use of the easements taken or impaired, must be compensated as part of the consequential damage suffered from the taking. In its obvious sense, the proposition submitted to the

trial court excludes consideration of such use and allowance for such depreciation, and limits the amount to be awarded for fee damage to the mere value of the easements taken or impaired; that is, to a nominal sum.  *Newman* v. *Railroad Co.*, 118 N. Y. 618, 23 N. E. Rep. 901.  The proposition, as thus phrased by appellants, is not authorized by the adjudications in *American Bank-Note Co.* v. *New York El. R. Co.*, 129 N. Y. 252, 29 N. E. Rep. 302, and *Messenger* v. *Railway Co.*, 129 N. Y. 502, 29 N. E. Rep. 955.  The refusal, therefore, to affirm the proposition, does not warrant the inference that the learned trial court failed to observe the correct rule of compensation in its estimate of fee damage, and the contrary, rather, is apparent on the record. "As it does not appear with any certainty in the record that he took these matters into consideration in assessing the fee damage, we are unable to perceive that he committed any error in these refusals."  *Messenger* v. *Railway Co.*, 129 N. Y. 502, 506, 29 N. E. Rep. 955, 956.

2. Not so easily obviated is appellants' allegation of error in the admission of evidence.  The record shows that, during the examination of a witness, a memorandum by him was, without then objection by defendants, "received in evidence, and marked 'Plaintiff's Exhibit 8.' "  The examination of the witness proceeded, and at its close this colloquy occurred: "Counsel for defendants: I wish to make an objection to the statement marked 'Plaintiff's Exhibit 8,' on the ground that it was not the best evidence.  In answer to the court the witness testified: I prepared this statement from my own recollection entirely.  I used no books or papers or memoranda of any kind.  I depended entirely upon my own recollection, and from that recollection only I prepared this statement.  The court overruled the objection, and counsel for defendants duly excepted."  Obviously, the court treated the admissibility of the evidence as still an open question, and ruled it as then depending for consideration and decision.  The interrogatories addressed to the witness by the court were designed to ascertain the competency of the evidence; and the decision admitting it proceeded upon the answers to those interrogatories; that is to say, upon facts developed by the court after the formal reception of the evidence.  By not suggesting the point that the objection came too late, because the evidence was already in, plaintiff's counsel himself treated its admissibility as still an open question, and assented that the court might determine it as yet for adjudication.  Had the court or counsel intimated that the objection was belated, defendants might still have availed themselves of a motion to strike out,—an expedient of redress from recourse to which they were possibly beguiled by the conduct of both court and counsel in accepting and deciding the objection as seasonably interposed.  We are clearly of opinion that the competency of the evidence is before us for review.  *Blum* v. *Railroad Co.*, 20 N. Y. Supp. 722, (herewith decided.)

Without any pretense of defective memory, the witness, of his own spontaneous recollection, gave the rentals of plaintiff's property for the years 1873 and 1877; and to corroborate this testimony he was allowed to introduce in evidence a subsequent memorandum of those rentals made by himself.  That this memorandum was not legal evidence, is too plain a proposition for argument.  *Bank* v. *Madden*, 114 N. Y. 280, 21 N. E. Rep. 408.  But, urges respondent, the action is in equity; and, that error in the admission of evidence may be cause of reversal, it must appear of prejudice to appellants.  Such is not the law, (*Jefferson* v. *Railroad Co.*, 132 N. Y. 487, 30 N. E. Rep. 981; *Foote* v. *Beecher*, 78 N. Y. 155;) but, if it were, respondent's own argument sufficiently evinces the effect of the error upon the judgment.  He contends that "the only and best evidence of fee damage is the course of rentals," and in proof of rentals he adduces "Exhibit 8" as impressive evidence.

For the error indicated the judgment is reversed, and a new trial ordered; costs to abide the event.  All concur.