CHARLES E. HADDEN, Individually, etc., and Others, Respondents, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and Another, Appellants.

*Damage to real estate by the operation of an elevated railroad — denial of past, and allowance of fee damages — evidence as to the effect on other property and as to the sale thereof. improperly excluded.*

A very clear case should be presented on the part of an owner of improved property to justify an award of fee damages when an award of past damages is denied.

The plaintiff in an action to recover damages, past and future. for injuries to real property by the erection and operation of an elevated railway, alleged ownership of the bed of the street, which was denied No evidence was presented tending to prove his ownership, and in the face of a concession that if such right existed it was taken away when the street was widened. the referee before whom the action was tried refused to find, although requested so to do, that the plaintiff had no ownership in the bed of the street

The referee also refused to find, when requested, that the only property in such street appurtenant to such premises, consisted of the easements of light, air and access in and over the same, and that such easements appurtenant to the plaintiff's land taken for the said railway uses, aside from any damages to such land from such taking, had in themselves only a nominal value.

*Held,* that such refusals to find were erroneous and prejudicial to the defendant, and justified the reversal of a judgment for damages for future injuries to such realty.

Upon the trial of the action, a witness who had formerly occupied some lofts on the same avenue and within two blocks of the plaintiff's property, the construction and operation of the railroad being the same in front of each property, was asked questions as to the effect of the operation of the road in front of the premises formerly occupied by him, among others, as to whether the road caused any material or substantial interference with the light, air and access appurtenant to the premises, as to whether he observed any injury to his stock of goods resulting from the maintenance of and operation of the road, and as to whether the road interfered with his business, or with the use and occupation of the premises    All such questions were excluded, under the plaintiff's objection.

*Held,* that this evidence should have been admitted, that it was proper for the defendant to show the general effect of the road upon abutting premises.

The referee also excluded the testimony of the defendant's expert as to a sale at auction of two pieces of property, one adjoining. and the other a few doors from, the premises in question, at which auction the plaintiff was present and was one of the bidders, as to which the witness testified that he heard the price at which the property was struck down.

*Held,* that although such testimony was by no means conclusive, it was competent, as tending to show the course of values, and as strong as experts' opinions as to the value of particular pieces of property in the neighborhood of or adjoining the premises in suit.

Appeal by the defendants, The Metropolitan Elevated Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the city and county of New York on the 27th day of March, 1893, upon the report of a referee.

This action was brought to recover of the defendants the damages sustained by the plaintiffs by reason of the existence of an elevated railroad fronting upon their real property, and to perpetually enjoin and restrain the further erection, operation and maintenance thereof.

*George T. Aldrich,* for the appellants.

*Artemus B. Smith,* for the respondents.

O'BRIEN, J.:

The judgment awards the plaintiffs an injunction, unless the defendants shall pay $5,000 fee damage for the conveyance and release of such portion of the easements as is taken by the railroad. The referee finds no past or rental damages.

In *Sutro* v. *Man. Ry. Co.* (137 N. Y. 594) it was said : "A very clear case should be presented, we think, on the part of the owner of improved property, to justify an award of fee damages when an award of past damages is denied. The court ought not, we think, to assume that the present condition is not to continue, or to award fee damages on the speculation that by future changes in the operation of the road or the location of its stations the benefits which it now receives will be withdrawn."

It is not claimed that the referee erred in refusing to find, upon the evidence, that there were no past or rental damages, it appearing that the plaintiffs or their predecessors in title occupied the entire premises for twenty-five years, with the exception of the three years last named, during which a portion was leased to a dealer in old iron, which portion shows an increase.

Upon this state of the record it remains to determine whether, in the language of the Court of Appeals, "a very clear case" is presented, justifying the award made here of $5,000 for the fee damage. It will be unnecessary to examine the voluminous record presented, it being sufficient to call attention to certain rulings made by the referee, to show that he misapprehended the rules of law applicable to cases of this character, and thus his decision is intelligible.

The plaintiffs alleged ownership in the bed of the street, which was denied, and notwithstanding that no evidence was presented tending to prove ownership, and in the face of a concession that if such existed it was taken away when the street was widened, the referee refused, though so requested, to find non-ownership in the bed of the street. It is true that irrespective of the plaintiffs' ownership of the bed of the street, the defendants are liable for the damages inflicted on plaintiffs' premises by their appropriation of some portion of the easements appurtenant thereto ; but as the claim was made that a portion of the property owned by the plaintiffs, in addition to the easements, was taken, it was proper that the referee,

upon proof showing that plaintiffs had no ownership in the bed of the street, should confine his consideration to the consequential damages resulting from the taking or impairment of the easements.

What abutting owners are entitled to have assessed has been frequently stated, but in no case more clearly than that of *American Bank Note Co.* v. *N. Y. El. R. R. Co.* (129 N. Y. 252), wherein it was held (head note) that the railroads are liable only " for such consequential damages as result from the invasion of property rights, that is, the taking of their easements in the street. These are, the easement of air, which is impaired by smoke and gases, ashes and cinders; the easement of light, impaired by the structure itself and the passage of cars thereon; the easement of access, affected by the drippings of oil and water, and by the frequent columns." And in *Messenger* v. *Man. Ry. Co.* (129 N. Y. 503) it was held that in estimating those damages the evidence must be confined to what the railroad is authorized to take or interfere with, to wit, the easements of light, air and access.

Notwithstanding the law of these cases, the referee refused to find, when requested, that " the only property in said street appurtenant to said premises consists of the easements of light, air and access in and over the same," and that " the said easements appurtenant to the plaintiffs' land taken for the said railway uses, aside from any damages to said land from the said taking, have in themselves only a nominal value." To such refusals the defendants properly excepted.

We must assume, therefore, that in refusing to find that the plaintiffs had no title to the bed of the street, and in refusing to find that the only property therein of the plaintiffs consists of the easements of light, air and access, the referee was inclined to include as damages elements either of ownership in the bed of the street, or some other element of damage which can only be surmised. And that the referee included and considered items of damage other than those allowable is shown by the twenty-fifth and twenty-ninth findings, made at plaintiffs' request, to which exceptions were taken. That such findings are erroneous and prejudicial is apparent, not only from the cases already referred to, but also those of *Newman* v. *Met. El. Ry. Co.* (118 N. Y. 618); *Bohm* v. *Same* (129 id. 576), and *Lazarus* v. *Same* (69 Hun, 190).

We think too that the learned referee erred in excluding certain evidence offered by defendants. Thus, a witness who had formerly occupied some lofts on the same avenue and within two blocks of plaintiffs, the construction and operation of the railroad being the same in front of each property, was asked a number of questions as to the effect of the operation of the road in front of the premises formerly occupied by him, among others, as to whether the road caused any material or substantial interference with the light, air and access appurtenant to the premises, and as to whether he observed any injury to his stock of goods resulting from the maintenance and operation of the road, and also as to whether the road interfered with his business, or with the use and occupation of the premises. All of which questions were excluded under plaintiffs' objection, and, we think, erroneously, under the decision in the *Doyle Case* (128 N. Y. 488), where, in the course of the opinion, page 496, the court said : " Sixth avenue is a broad avenue of uniform width, and while the premises occupied by the witnesses were not, in their situation, exactly like the plaintiff's, they were similarly situated, and the questions would have elicited facts proper for the guidance and information of the court. It was proper for the defendants to show the general effects of the road upon abutting premises. Much of the damage which the plaintiff claimed was caused to her premises, if it was actually caused to the extent claimed by her, must have been common along the avenue in the vicinity of her premises, and proof of the effects upon premises not too distant from hers should have been received."

So, too, the referee, under objection, excluded the testimony of defendants' expert as to a sale at auction of a piece of property adjoining the premises in suit, at which the plaintiff was present and one of the bidders, who testified that he heard the price at which the property was knocked down. Notwithstanding such testimony he was denied the right to state what the property sold for. The same ruling was also made with respect to another piece of property a few doors from plaintiff's premises, which the same witness testified he had seen sold at auction and heard the property knocked down at the sale.

Although such testimony is by no means conclusive, we think, as tending to show the course of values, it is as competent and strong

as experts' opinions as to the value of particular pieces of property in the neighborhood or adjoining the ones in suit. Such testimony called for facts within the personal knowledge of the witness as to two actual sales occurring in the immediate vicinity. We think that if in these actions the course of values could be shown by actual sales, it would furnish a more certain basis than the speculations of experts or their mere expressions of opinion as to the rise and fall of values in particular localities. We think that such evidence, at all events, was competent and should have been admitted and given such weight as the referee thought it entitled to.

There are other exceptions to which we might advert, but we think sufficient has been shown to make it appear that where no past damages have been awarded, and where a substantial sum has been given for the fee damage, the views entertained by the referee, as shown by his rulings upon evidence and his findings, were prejudicial to the defendants, and account, in the absence of other certain basis, for his conclusion.

We think, therefore, that the judgment should be reversed and a new trial ordered before another referee to be appointed by this court, with costs to appellants to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial ordered before another referee to be appointed by this court, with costs to the appellants to abide the event.