CLINICAL INSTRUCTION COMPANY (LIMITED), Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and Another, Appellants.

*Elevated railroad — fee damages awarded although past damages are withheld.*

To justify the award of fee damages in an action, brought to enjoin the maintenance and operation of the defendants' elevated railroad in front of the plaintiff's premises, when the award of past damages is denied, a very clear case should be presented, showing that by reason of the character of the occupation of the plaintiff's premises, a reason is apparent for the failure of the court to award past damages while awarding fee damages.

APPEAL by the defendants, The New York Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of January, 1894, upon the decision of the court rendered after a trial at the New York Special Term, enjoining and restraining the defendants from maintaining or using their elevated railway in front of the plaintiff's premises, unless they purchase, for the sum of $10,000, the easements appurtenant to such premises and appropriated by them.

*George T. Aldrich,* for the appellants.

*John R. Abney,* for the respondent.

O'BRIEN, J.:

The judgment restrains defendants from maintaining and operating their railroad in front of plaintiff's premises, unless they pay the sum of $10,000 for a conveyance and release of plaintiff's rights and easements acquired by said railroad. No past or rental damages were awarded, and with this circumstance as a basis, the defendants confidently refer to the *Hadden Case* (75 Hun, 63), which followed the *Sutro* case in the Court of Appeals, as authority for a reversal of the judgment.

Those cases hold that to justify an award of fee damages, when an award of past damages is denied, a very clear case should be presented.

These premises are situated on East Thirty-fourth street, and have

a frontage of fifty-one and a depth of ninety-eight feet. A four-story and basement iron front brick building covers the entire plot. After having been used for office purposes and for public meetings of various kinds, it came into the possession, in 1882 or 1883, of the New York Polyclinic School, who occupied the building for medical and hospital purposes, and continued in such occupation up to the time of the purchase of the property by the plaintiff corporation in 1885. There was expended after such purchase about $25,000 in changing the interior and rendering it suitable for the business of the corporation; and since that time the Polyclinic School has occupied the premises at a nominal rental, as lessee of the plaintiff corporation. The building has been used for the purposes of a hospital, the rooms therein being divided up for dispensary, reception rooms and other apartments suitable to a hospital. The premises are 180 feet easterly from Third avenue. At that point the railroad structure extends from five and a half to eight feet over the sidewalk, which latter is thirty feet wide. The railroad track is almost entirely over the sidewalk, lacking only eight inches and a fraction of being entirely so. The outside walk of the structure takes up four feet additional over the sidewalk. The engine starts in front of the building, and stands there when it is not in motion. With a column in front and the structure above, affecting to some extent access, there is evidence to show that the easements of light and air, so far as the first and second stories are concerned, are materially impaired. There was sufficient evidence given of a permanent damage to the fee, to prevent which injunctive relief was granted, but with an alternative permitting the acquirement of a conveyance of the rights and easements of the plaintiff injured and taken by the railroad, upon the payment of $10,000.

The character of the occupation, the fact that the building was not used for ordinary business purposes, or rented out with an idea of securing any proper rental return — it being rented as a school which was controlled and managed by the directors of the plaintiff corporation — made it difficult and impracticable to determine what, if any, past damage had been suffered. The reason appearing, therefore, for a failure to award such past damages, takes the case out of the rule applied in the *Hadden* and *Sutro* cases, in which

there appeared an inconsistency in refusing past damages and awarding damages to the fee.

The amount here awarded might seem at first blush to be too large, but the evidence shows that the proximity of this property to the station, and its relative situation to that portion of the structure that is used by the defendant for the purpose of starting and stopping their trains, and allowing their trains to stand while awaiting passengers, affected this property more injuriously than premises where these conditions were not present.

We think the judgment was right and should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.